UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-----------------------------------------------------------X

ERIC MULDER,

          Plaintiff,

      -against-

JOHN DOE, Warden of M.D.C. Brooklyn;
UNIT MANAGER–MR. WILLIAMS;
COUNSELOR–MR. COTTON;
JOHN DOE or JANE DOE;
JOHN DOE or JANE DOE,

          Defendants.

-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
06-CV-0203 (NGG)

GARAUFIS, United States District Judge:

Plaintiff, currently incarcerated at Bare Hill Correctional Facility and appearing *pro se*, brings this claim pursuant to 42 U.S.C. § 1983, alleging that in June 2005, defendant employees at Metropolitan Detention Center in Brooklyn, New York failed to forward his property and inmate funds to Rikers Island when he was transferred there.[1] Plaintiff requests $5,000 for his lost property and "pain and suffering." Compl. ¶ V. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the complaint without prejudice for lack of subject matter jurisdiction.

---

[1] Plaintiff filed this complaint on December 12, 2005 in the United States District Court for the Southern District of New York. By order dated December 30, 2005, the Southern District transferred the case to this Court, finding that a substantial part of the events or omissions giving rise to plaintiff's claim occurred in the Eastern District of New York. Mulder v. Doe, et al., No. 05 Civ. 10871, slip op. at 1-2 (S.D.N.Y. Dec. 30, 2005) (citing 28 U.S.C. §§ 112(c), 1391(b) and 1406(a)).

# DISCUSSION

Standard of Review

Under 28 U.S.C. § 1915A, this Court has the authority to review a prisoner's complaint in order to identify any cognizable claims or dismiss the complaint, or any portion thereof, if it: (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. As plaintiff is proceeding *pro se*, this Court is obliged to construe his pleadings liberally, particularly as they allege civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, this Court must interpret plaintiff's pleadings as raising the strongest argument they suggest. Id.

Federal Tort Claims Act

Although plaintiff submits his complaint on a 42 U.S.C. § 1983 form, the Court construes the instant action as a claim for deprivation of property pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"), as defendants are employees of a federal facility.

Where a plaintiff seeks to recover for an act or omission of an employee of a United States agency under the FTCA, only the United States is a proper defendant. Hylton v. Fed. Bureau of Prisons, No. 00-CV-5747 (RR), 2002 WL 720605, at *2 (E.D.N.Y. Mar. 12, 2002); see 28 U.S.C. 2679(a). The United States may not be sued unless it consents to be sued by explicitly waiving its sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941); Morales v. United States, 38 F.3d 659, 660 (2d Cir. 1994). Such a waiver is a jurisdictional prerequisite to obtaining relief. United States v. Mitchell, 463 U.S. 206, 212 (1983). Pursuant to the FTCA, the United States has waived immunity for any injury or loss of

2

property "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Nevertheless, the FTCA requires the filing of an administrative claim with the relevant federal agency before commencing an action in federal court. 28 U.S.C. § 2675(a). Plaintiff only alleges that he filed a grievance in "state claims court" which was fruitless, as "they can't handle federal situations." Compl. ¶ IV.F.2. However, plaintiff fails to allege compliance with the administrative procedures under the FTCA which, in his case, entails submission of an administrative claim to the Federal Bureau of Prisons ("BOP").[2] 28 U.S.C. § 2675(a). See Altman v. Connally, 456 F.2d 1114 (2d Cir. 1972) (per curiam) (complaint deficient for failing to present claim to the appropriate federal agency and a final disposition of the claim by that agency, as required by 28 U.S.C. § 2675); 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp., 885 F. Supp. 410, 416 (E.D.N.Y. 1994) (since notice of claim requirements under FTCA are jurisdictional, allegations of presentment of claim to appropriate agency are necessary in complaint) (citing Healy v. United States Postal Serv., 677 F. Supp. 1284 (E.D.N.Y. 1987) (tort claim dismissed without prejudice where plaintiff failed to allege presentation of claim to agency)). Therefore, this Court is without jurisdiction to hear plaintiff's complaint.

---

[2] "The notice of claim provided for by § 2675 is intended to supply sufficient information to permit an investigation by the appropriate federal agency and to estimate the claim's worth." 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp., 885 F. Supp. 410, 415 (E.D.N.Y. 1994) (citing Johnson v. United States, 788 F.2d 845, 848 (2d Cir.), cert. denied, 479 U.S. 914 (1986)).

## CONCLUSION

Accordingly, the instant complaint is dismissed for lack of subject matter jurisdiction without prejudice to the refiling of a tort claim that names the United States as defendant and complies in all other regards with the provisions of the FTCA, once the relevant administrative remedies have been exhausted. Fed. R. Civ. P. 12(h)(3); Thomas v. Ashcroft, No. 02 Civ. 5746, 2004 WL 1444735, at *12 (S.D.N.Y. June 25, 2004) (where plaintiff submitted administrative claim to BOP after filing FTCA action in district court and had yet to receive response from BOP, FTCA action dismissed without prejudice to refiling once plaintiff has complied with FTCA).[3] The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

NICHOLAS G. GARAUFIS
United States District Judge

Dated: January 26, 2006
Brooklyn, New York

---

[3] An administrative claim form is attached hereto for the plaintiff's convenience. Plaintiff is further advised that pursuant to 28 U.S.C. § 2401(a), a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ... ." In the event plaintiff's administrative claim is denied, he may commence a civil action in court regarding his deprivation of property claim within six months of the denial. 28 U.S.C. § 2401(b). In addition, if the agency fails to respond to plaintiff within six months of the claim's submission, he may file suit in a district court. 28 U.S.C. § 2675(a).

4